UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JEFFREY KESWIN,

          Plaintiff,          District Court Index No 16-1585

          -against-

FINGER LAKES CAPITAL PARTNERS, LLC,    Supreme Court – New York
V. ZUBIN MEHTA and GREGOARY SHALOV,    Index No. 156356/2015

          Defendants.
-----------------------------------------------------------------X
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re,

                                                      Chapter 11
FINGER LAKES CAPITAL PARTNERS, LLP,    Case No. 11211 (RDD)

          Debtor.
-----------------------------------------------------------------X

## NOTICE OF REMOVAL

**TO THE HONORABLE DISTRICT COURT JUDGE
ASSIGNED TO THESE PROCEEDINGS:**

      Finger Lakes Capital Partners LLC (the "Movant" or the "Debtor"), by its attorneys DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, respectfully provides notice to this Court of removal of the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, and respectfully represents as follows:

      1.     On June 24, 2015, Plaintiff, JEFFREY KESWIN ("Plaintiff") filed a Motion for Summary Judgment in Lieu of Complaint (the "Complaint") against, *inter alia,* the Debtor in

Supreme Court, New York County ("New York Supreme"), Index Number 156356/2015 (the "New York Supreme Action"). Annexed hereto as **Exhibit "1"** is a copy of the Motion for Summary Judgment in Lieu of Complaint.

2. On or about August 25, 2015, the Debtor, V. ZUBIN MEHTA and GREGORY SHALOV, (together with the Debtor, the "Defendants") filed a (i) Opposition to Plaintiff's Motion for Summary Judgment in Lieu of Complaint; and (ii) Cross-Motion to Dismiss or Stay the New York Supreme Action. (the "Opposition and Cross-Motion"). Annexed hereto as **Exhibit "2"** is a copy of Opposition and Cross-Motion.

3. On or about September 1, 2015, Plaintiff filed Opposition to the Cross-Motion to Dismiss or Stay the New York Supreme Action (the "Opposition"). Annexed hereto as **Exhibit "3"** is a copy of Opposition.

4. On October 13, 2015, Hon. Barry R. Ostrager, J.S.C. issued a decision (the "Stay Decision") staying the New York Supreme Action pending disposition of an action pending in the State of Delaware (the "Delaware Chancery Action"), *Finger Lakes Capital Partners, LLC v. Honeoye Lake Acquisition LLC and Lyrical Opportunity Partners, L.P.*, Chancery Court of the State of Delaware, C.A. No. 9742-VCL. Annexed hereto as **Exhibit "4"** is a copy of the Stay Decision.

5. Thereafter, a disposition was reached in the Delaware Chancery Action; (i) on October 26, 2015, a memorandum opinion (the "Memorandum Opinion") was entered; (ii) on November 28, 2015, an order granting in part and denying in part the parties' cross-motions for reargument was entered (the "Reargument Order"); and (iii) on January 22, 2016, a final order and judgment was entered (the "Final Order and Judgment").

6. As a result of the disposition in the Delaware Chancery Action, the stay was

vacated in the New York Supreme Action. On December 2, 2015, the Honorable Barry R. Ostrager, J.S.C., issued a decision (the "Decision") denying Plaintiff's motion and denying Defendants' cross-motion based on the existence of issues of fact. Annexed hereto as **Exhibit "5"** is a copy of Decision.

7. On January 28, 2016, Defendants filed a Notice of Appeal from the Delaware Chancery Action's Memorandum Opinion, Reargument Order and Final Order and Judgment.

### THE BANKRUPTCY FILING

8. On January 29, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, Chapter 11 case number 16-11211 (RDD). The Debtor has continued in possession of their property and management of its affairs as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No committee or examiner has been appointed.

9. The Debtor is an asset management company.

10. This Notice of Removal is being timely filed pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure.

11. Section 1452(a) of Title 28 of the U.S. Code grants a very broad right to parties to civil parties to remove "any claim or cause of action" to the district court (and by referral to the bankruptcy court) provided that bankruptcy jurisdiction exists under 28 U.S.C. § 1334. This United States District Court for the Southern District of New York has subject matter jurisdiction over the New York Supreme Action because it is a civil proceeding that arises in or is related to a case under title 11 -- the Chapter 11 case of the Debtor. The New York Supreme Action alleges significant claims which constitute property of the Debtors' bankruptcy estates.

12. This action is a "core proceeding" within the meaning of 28 U.S.C §157(b)(2)(A),

(B) and (O) in that the action concerns (i) the disposition of property of the estate; (ii) allowance or disallowance of claims against the Estate; and (iii) the ability of the Debtor to timely proceed in its attempt to reorganize under Chapter 11 of the Bankruptcy Code.

13. Bankruptcy Court determination of these issues is crucial. Specifically, ability of the Debtor to reorganize is based upon the ability to create unencumbered assets in which the Estates have an interest. It is essential that the Bankruptcy Court be in a position to adjudicate the claims between the parties, as they are critical to the Debtors' ability to reorganize under Chapter 11.

14. This action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1334, and is one which may be removed to this Court by the Debtors pursuant to the provisions of 28 U.S.C. Section 1452, in that the matter in controversy is a civil action related to a bankruptcy case.

15. Upon removal the Debtors will promptly seek to transfer venue of this action pursuant to 28 U.S.C. § 1404 to the Court where the Chapter 11 proceedings are pending, the United States District Court for the Southern District of New York, for its ultimate referral to the Bankruptcy Court.

Dated: White Plains, New York
      February 8, 2016

DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
(914) 681-0200

    */s/ Jonathan S. Pasternak*
By:_____
    Jonathan S. Pasternak